**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07791 MMM (MANx) | Date | January 12, 2009 |
|---|---|---|---|

| Title | *Iniguez v. GCR Tire Centers, Inc., et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction**

## I. BACKGROUND

On October 28, 2008, Humberto Iniguez sued Bridgestone Firestone North American Tire, LLC dba GCR Tire Centers, Inc. ("BFNT")[1] and Does 1-50 in Los Angeles Superior Court. Iniguez's complaint alleges claims for negligence, willful failure to warn, and dangerous condition of public property.[2] BFNT removed the action to this court on November 25, 2008, asserting that the matter falls within the court's diversity jurisdiction under 28 U.S.C. §§ 1441(a) and 1332(a).

## II. DISCUSSION

### A.   Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have

---

[1] BFNT was erroneously sued as GCR Tire Centers, Inc.

[2] Complaint, Exh. A to Notice of Removal of Civil Action Under 28 U.S.C. § 1441(b) ("Notice of Removal"), at 3.

been filed in federal court may be removed.  28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.     Whether This Case Was Properly Removed Under 28 U.S.C. § 1332

BFNT contends that this matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332.  "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .").  Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant.  28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

Iniguez is a citizen of California.  BFNT is an LLC whose sole member, Bridgestone Americas Holding, Inc. ("BSAH"), is a Nevada corporation with its principal place of business in Tennessee.[3] See, e.g., *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (1998) ("The citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members"); see also 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  Therefore, complete diversity exists.  The sole remaining question is whether the amount in controversy requirement has been satisfied.

As the removing party, BFNT bears the burden of demonstrating that the amount in controversy requirement is met by a preponderance of the evidence.  *Gaus*, 980 F.2d at 566.  "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.  If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount . . . by a preponderance of the evidence."  *Id.*

---

[3]BFNT alleged that it is a citizen of Delaware and Tennessee for diversity purposes.  (Notice of Removal, ¶ 5.)  As an LLC's citizenship for diversity purposes is that of its members, however, BFNT is a citizen of Nevada and Tennessee.

To determine whether defendant has met its burden of establishing the jurisdictional amount, the court first considers whether an amount in controversy exceeding $75,000 is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see also *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377). Iniguez seeks compensatory damages for hospital and medical expenses, general damages, loss of earning capacity, and emotional distress.[4] The complaint does not, however, identify the amount of damages claimed.

Where a plaintiff has not specified the amount of damages sought in his or her complaint, the removing defendant bears the burden of adducing summary judgment-like evidence that the amount in controversy exceeds $75,000. See *Matheson*, 319 F.3d at 1091 ("[W]e have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' Conclusory allegations as to the amount in controversy are insufficient"); *Singer*, 116 F.3d at 377 (holding that the "court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of the removal'"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under [the preponderance of the evidence] burden, the defendant must provided evidence establishing that it is 'more likely than not' [that jurisdiction is satisfied]"); *Gaus*, 980 F.2d at 567.

BFNT's notice of removal states: "The amount in controversy more likely than not exceeds $75,000.00 based on the Complaint's assertion that Plaintiff suffered bodily injury, emotional distress, and pain and suffering, was required to undergo medical treatment, incurred hospital and medical expenses and an alleged loss of earnings capacity. . . . Here, Plaintiff[ ] seek[s] compensatory damages according to proof, as set forth above on all counts claimed, which include premises liability and negligence."[5] This conclusory statement is merely a recitation of the allegations in plaintiff's complaint; it does not identify facts that establish an amount in controversy exceeding $75,000.

BFNT has identified no facts supporting its assertion that the amount in controversy exceeds the jurisdictional minimum. The notice of removal does not, for example, estimate or quantify plaintiff's lost wages, or provide evidence of jury verdicts in cases with analogous facts. See, e.g., *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("Although the complaint seeks punitive damages, the amount sought is unclear. To establish probable punitive damages, defendants may introduce evidence of jury verdicts in cases involving analogous facts"). Thus, BFNT has not carried its burden of showing that the amount in controversy exceeds $75,000.

For the foregoing reasons, the court orders defendant to show cause on or before **January 23, 2009**, why this action should not be remanded for lack of subject matter jurisdiction. Failure to respond

---

[4]Complaint, ¶¶ 11, 14.

[5]Notice of Removal, ¶ 3.

by **January 23, 2009**, will result in the immediate remand of the action to state court.  Plaintiff may file a response on or before **January 30, 2009**.